PETER SNYDER

v.

THOMAS H. TRAVERS.

*Negotiable Instruments—Note—Signed by Mark—Forgery—Absence of Subscribing Witness—Weight of Evidence.*

1. In an action on a note which was signed by mark, a witness to the note is not an indispensable witness at the trial. Under the statute of this State the execution may be proved by secondary evidence without producing or accounting for the absence of a subscribing witness.

2. In order that objectionable statements of counsel to the jury may be available as error, they must be duly excepted to and preserved in the bill of exceptions.

3. Upon the case presented, this court holds that the evidence was sufficient to support the verdict for the plaintiff.

[Opinion filed December 12, 1892.]

APPEAL from the Circuit Court of Peoria County; the Hon. T. M. SHAW, Judge, presiding.

Messrs. BARNES & BARNES and N. ULRICH, for appellant.

Mr. ARTHUR KEITHLEY, for appellee.

MR. JUSTICE HARKER. This was a suit on one of six promissory notes for $1,000 each, assigned to appellee before maturity. The issue presented was whether the note was a forgery. The record shows the trial to have been a very warm and stubbornly fought contest. The jury found the note to be genuine and returned a verdict for $1,246.88, upon which the court, after overruling a motion for a new trial, rendered judgment. The notes purporting to be signed by mark, were dated September 28, 1888, and were made payable to one W. A. Morton, a vender of patent rights. It was claimed that they were given in consideration of a deed from Morton to appellant for certain territory for a patent right. There were two witnesses for the notes, Ed Nelson

and George Jones, the former of whom alone testified. Shortly after the date of execution they were assigned. The leading facts incident to the execution of the notes appear in the opinion in Travers v. Snyder, 38 Ill. App. 379, a case reviewed by this court at the May term, 1890. To discuss in detail all of the numerous points urged by counsel for appellant against the ruling of the trial court on questions of evidence and instructions, would render this opinion too lengthy. After a careful consideration of them we have been unable to see any serious error of the trial court in his ruling upon questions of evidence or in the giving of or refusing instructions. The case was evidently tried with great care upon the part of the presiding judge.

We do not agree with counsel for appellant that George Jones, one of the witnesses to the note, was an indispensable witness for the plaintiff. By the act of June 18, 1883, relating to the attestation of subscribing witnesses to written instruments, it was expressly provided that the execution of them may be proved by secondary evidence without producing or accounting for the absence of the subscribing witness. 1 S. & C. Ill. Stats., 1093, Sec. 49. As George Jones did not testify in the case, the court properly refused to allow proof of a certain statement made by him. There was a sharp conflict in the testimony, and while we are satisfied that a gross injustice was practiced upon appellant in getting off upon him a worthless patent right, a preponderance of the evidence shows he executed the notes. The objectionable statements made by counsel for appellee in his opening statement to the jury do not appear otherwise than by affidavit. Nor were they excepted to at the time. If objectionable statements are made in the argument of an advocate to the jury, they should be shown by proper recital in a bill of exceptions and not by *ex parte* affidavits presented on a motion for a new trial. Mayes v. The People, 106 Ill. 306. Affidavits were read in support of a motion for a new trial tending to show that one Ben Ellis attempted to tamper with the jury. They were not sufficient to warrant the court in setting aside the verdict.

While the case is by no means free from doubt, we do not feel like disturbing the verdict which the jury, with all the witnesses before them, found, and the trial court, with opportunities vastly superior to ours. for determining where the truth was, approved.

The judgment will be affirmed.

*Judgment affirmed.*